**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Paul Bastian, OSB No. 062706**
paul@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Attorneys for Plaintiff

<br>

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| KRISTY SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE, INC., an<br>Ohio foreign business corporation,<br><br>        Defendant. | Case No. 6:24-cv-306<br><br>**COMPLAINT**<br>UNLAWFUL EMPLOYMENT ACTION<br>Title VII Discrimination, Retaliation and<br>Supplemental State Law Claims<br><br>**JURY TRIAL DEMANDED** |

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action to remedy violations of her statutory rights under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, as well as supplementary state claims. Plaintiff seeks equitable relief as well as compensatory damages, attorneys' fees and costs.

PAGE 1 – COMPLAINT

**JURISDICTION**

2.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1343, civil rights jurisdiction.

3.    Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions as they arise from the same nucleus of operative facts as the federal claims.

4.    All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

a.    On February 8, 2023, Plaintiff mailed a charge of employment discrimination and retaliation to the Oregon Bureau of Labor and Industries Civil Rights Division (BOLI CRD). On March 15, 2023, BOLI assigned case numbers OSEMOS230208-10261 and EEEMSX230208-10260 for Oregon Unlawful Employment Practices.

b.    On March 15, 2023, BOLI CRD co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number 38D-2023-00516, for discrimination based on gender.

c.    On November 22, 2023, BOLI CRD issued Plaintiff a right-to-sue letter for case number OSEMOS23028-10261.

d.    On November 30, 2023, the EEOC issued a right-to-sue letter for charge number 38D-2023-00516.

5.    The venue is in the District of Oregon pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District.

PAGE 2 – COMPLAINT

**PARTIES**

6.     Plaintiff Kristy Smith is a citizen of the United States. At all times material, Ms. Smith is and was a female person. Ms. Smith worked for Defendant United Parcel Service, Inc. in Marion County, Oregon.

7.     Defendant United Parcel Service, Inc. (UPS) is an Ohio foreign business corporation registered in Oregon. UPS does regular and sustained business in Oregon, including Marion County.

8.     At all times relevant, UPS's employees and supervisors, as their conduct is alleged herein, were acting within the course and scope of their employment with UPS.

**GENERAL FACTUAL ALLEGATIONS**

9.     Kristy Lynn Smith was born and raised in Salem, Oregon. She was assigned male at birth. Her birth name was Craig Wayne Smith.

10.     On or about April 30, 2007, Plaintiff went to work for Defendant in Salem, Oregon, at age eighteen after she graduated from high school. When Plaintiff went to work for Defendant, she presented as a cisgendered male.

11.      Plaintiff worked for Defendant as a preloader, loading trucks with packages. In 2014, Defendant promoted Plaintiff to a driver's position while she presented as a male.

12.     While working for Defendant, Plaintiff transitioned her gender to female. She began this process after attending counseling. She began the process by taking female hormones.

13.     In August 2019, Plaintiff notified Defendant's division manager that she was transgender. Plaintiff was very open about her transition. She began writing a blog about her gender transition.

PAGE 3 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

14.    In October 2019, Plaintiff began to publicly transition her gender. Defendant's management and Plainitff's coworkers harassed and bullied her. Plaintiff made complaints and reports to supervisors about threats to her safety and gender discrimination. In October 2019, Defendant fired Plaintiff after Plaintiff reported harassment. The Defendant reinstated her employment within one week. Plaintiff was on a working termination until January 2020, when she was made to sign a last chance agreement to keep her job.

15.    On January 17, 2020, Plaintiff legally changed her name to Craig Kristy Wayne Smith. In March 2020, Plaintiff legally changed her name to Kristy Lynn Smith.

16.    The plaintiff has multiple disabilities. She suffered from, and continues to suffer from, conditions including gender dysphoria, anxiety, and depression that substantially limit one or more major life activities.

17.    On or about January 31, 2020, Plaintiff submitted a letter from Plaintiff's healthcare provider to Defendant's management. The letter recommended Plaintiff be permitted the accommodation of parking on work property related to a medical condition. The defendant denied the plaintiff's request for accommodation without explanation. Defendant failed to engage in the required interactive process to assess Plaintiff's needs and identify reasonable accommodations for Plaintiff's medical conditions.

18.    In 2020, when Plaintiff returned to work, she had grown out her hair, had undergone vocal therapy to change her voice, and had a feminine appearance. She resumed her duties.

19.    To Plaintiff's best knowledge, she was Defendant's first transgender employee working in the Salem UPS center. Her coworkers' reactions to Plaintiff on her return to work as a female and with a new name, Kristy Smith, were mixed. Some of her coworkers told Plaintiff

PAGE 4 – COMPLAINT

that they could not stand her transition. Kristy Smith attempted to explain to her hostile coworkers why she decided to transition her gender.

20.    In addition to delivering packages, Kristy Smith performed work at the UPS facility at the Salem airport, handling priority packages. The cisgendered drivers there used profanity, told crass and risqué jokes, and commonly used sexual innuendoes when speaking. Some cisgendered drivers shared photos of a sexual nature with their coworkers.

21.    On February 11, 2020, Plaintiff sustained an on-the-job injury. Plaintiff injured her right ankle at work. Plaintiff filed a workers' compensation claim. Plaintiff was taken off work on medical leave for approximately seven and a half months. Defendant accepted her workers' compensation claim as a compensable injury.

22.    On March 20, 2020, September 1, 2020, and October 28, 2020, Kristy Smith's workers' compensation claim for her February 11, 2020, on-the-job injury was accepted as a disabling right distal fibular avulsion, small tear of the anterior talofibular ligament right, sprain and partial tear of the calcaneofibular ligament, right, and peroneal tendinopathy, right ankle.

23.    On February 1, 2021, Plaintiff was injured again at work. She received a disabling cervical strain sprain and concussion while working. Plaintiff has had chronic or permanent impairment in her memory as a result of that on-the-job injury. Plaintiff filed a workers' compensation claim for these injuries.

24.    On April 26, 2021, Defendant accepted Plaintiff's February 1, 2021, workers' compensation claim as a compensable on-the-job injury for her cervical strain and sprain.

25.    During the summer of 2021, a cisgender male coworker claimed that he heard Kristy Smith make a crass comment. That coworker took the comment as a joke, not a serious

PAGE 5 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

proposition. That male coworker did not formally complain about the comments because he was not offended.

26.     On or about January 5, 2022, Plaintiff had sexual reassignment surgery. During the surgery, Kristy Smith had her testicles removed. Kristy Smith took medical leave for the surgery and recovery. The medical facility returned the dissected testicles to Plaintiff after a pathology examination.

27.     On February 21, 2022, Plaintiff returned to work from her surgery. After returning to work, Plaintiff answered questions posed to her about her surgery by coworkers whose gender was also non-conforming or transitioning. One of her coworkers, Gemini Hush, also transitioned their gender from male to female and asked her specific questions about the procedure.

28.     On March 22, 2022, Defendant modified the compensability of Plaintiff's February 1, 2021, on-the-job injury. The Defendant accepted a disabling cervical strain, sprain, and a mild concussion.

29.     On April 19, 2022, Plaintiff had breast enlargement surgery. She returned to work on or about May 10, 2022. Her coworkers were aware of this surgery and asked her questions about it.

30.     On August 19, 2022, Plaintiff filed an Oregon Occupational Safety and Health Division (OSHA) complaint concerning working conditions at UPS. On August 24, 2022, Aaron Colmone, Safety Enforcement Manager, OR-OSHA, acknowledged the complaint.

31.     On or about August 26, 2022, two cisgender male supervisors, Niels Garlick, and Ben Warner, claimed they received complaints from two gender non-conforming employees,

PAGE 6 – COMPLAINT

Katariah Person and Yuki Fox. To the Plaintiff's best knowledge, August 26, 2022, was the first time any workplace allegations related to sex or gender had been made against the Plaintiff.

32.     Katariah Person, a preloader who was assigned the female gender at birth and identifies as male, reported that a year or more earlier, in or before August 2021, their wife, Gemini Hush, formerly Nicholas Reed, was having a conversation with Kristy Smith about problems in the Person/Hush sex life. Katariah Person claimed that Hush told him that Kristy Smith told Hush that Hush should "just do it to him in his sleep." Person inferred this comment meant "rape," although on questioning by Defendant, Hush admitted that Plaintiff had not used the word rape when speaking to Gemini Hush.

33.     Yuki Fox, also known as Tyler Thomas Jimenez, a preloader who prefers they/them pronouns, claimed that on some unknown dates, Kristy Smith offered to show them either pictures of her surgical site or her "balls in a jar." Kristy Smith did not offer to show Fox photos of her surgical site.

34.     On August 29, 2022, Plaintiff was injured again at work. While working as a delivery driver that day, she pulled a box from an upper shelf of the delivery truck when the contents shifted, and she immediately felt a sharp pain at the top of her left shoulder and tingling down her left arm. Plaintiff injured her shoulder and made a workers' compensation claim.

35.     On October 24, 2022, Plaintiff returned to work from medical leave. Immediately upon returning to work on October 25 and 26, 2022, the Plaintiff's supervisor, Ben Warner, harassed Plaintiff. Plaintiff filed grievances over the harassment.

36.      On October 27, 2022, Defendant's security officer, Keeney, took Plaintiff into an office and interviewed her. Security asked Plaintiff if she approached coworkers and asked them if they wanted to see photos of her "balls in a jar." Plaintiff told Keeney that she did not offer to

PAGE 7 – COMPLAINT

show photographs of her removed testicles to Fox but did offer to show the site of her surgery to Gemini Hush, who was going through the same gender transition process and had asked Plaintiff about the process. Security Officer Keeney claimed that Plaintiff told a coworker that she should drug and rape her husband. Plaintiff told the security officer that Plaintiff did not say that. The security employee also claimed that Plaintiff told employees that Plaintiff has an OnlyFans social media account. The Plaintiff replied that the Plaintiff did not discuss that social media account at work. The security employee accused the Plaintiff of opening envelopes in a package destined for delivery to a jail. Plaintiff told the security employee that she did not do that.

37.    On October 28, 2022, Defendant denied the compensability of Plaintiff's left shoulder injury.

38.    On November 3, 2022, the security employee asked Plaintiff further questions in a video interview. The security employee asked Plaintiff about comments attributed to her, which Defendant claimed were made at the airport facility long ago.

39.    On November 4, 2022, Defendant prepared a letter terminating Plaintiff's employment. At that time, Plaintiff had almost sixteen years of seniority as an employee of Defendant.

40.    Defendant's November 4, 2022, letter failed to provide detailed notice of what Defendant claimed Plaintiff did to lead to termination of her employment. Although the letter provides sexual harassment as the reason, Defendant failed to describe facts showing what Kristy Smith did that could violate the UPS code of conduct. Sexual harassment is not a cardinal infraction that entitled Defendant to immediately discharge Smith under Defendant's collective bargaining agreement with Teamster Local 324. Said collective bargaining agreement also imposes a nine-month limit on considering prior discipline when disciplining an employee.

PAGE 8 – COMPLAINT

41.    Plaintiff did not learn about the termination of her employment until November 7, 2022, when Plaintiff received a text message and an email from Defendant. The messages did not specifically indicate that Plaintiff had been fired. Instead, the communication included a survey on how it was to work for UPS. The text message began, "Hi, Craig." The Plaintiff had not used Craig as her name since March 2020.

42.    On November 8, 2022, Plaintiff's union was officially notified of Plaintiff's firing, and that is when the union told Plaintiff that Defendant considered Plaintiff terminated as of November 4, 2022.

43.    On July 6, 2023, the Defendant and Teamsters Local 324 went through an arbitration hearing concerning a grievance filed by Teamsters Local 324 challenging the Defendant's termination of Plaintiff's employment.

44.    On July 12, 2023, Defendant litigated the compensability of Plaintiff's August 29, 2022, on-the-job injury in a workers' compensation hearing before an administrative law judge. On August 9, 2023, the Workers' Compensation Board reversed the employer's denial of Plaintiff's August 29, 2022, workers' compensation claim and ordered Defendant to accept the claim.

45.    On September 11, 2023, Defendant accepted the compensability of Plaintiff's August 29, 2022, disabling left shoulder strain.

46.    On October 2, 2023, Arbitrator Eric Lindauer ruled in favor of the union and ordered Defendant to reinstate Kristy Smith to employment.

PAGE 9 – COMPLAINT

## FIRST CLAIM FOR RELIEF

### (Title VII Civil Rights Act of 1964, 42 U.S.C. §2000e-2)

### Gender Discrimination

47.　　Smith realleges all prior relevant paragraphs as if fully set forth herein.

48.　　At all material times, UPS was an employer within the meaning of 42 U.S.C. § 2000e (b).

49.　　UPS discriminated against Smith with respect to the terms and conditions of her employment because of Smith's gender.

50.　　UPS had no business necessity to fire Smith because of her gender.

51.　　The Plaintiff is entitled to equitable relief and damages as set forth below.

### Count II – Gender Retaliation

52.　　Smith realleges all prior relevant paragraphs as if fully set forth herein.

53.　　At all material times, UPS was an employer within the meaning of 42 U.S.C. § 2000e (b).

54.　　UPS discriminated against and retaliated against Smith with respect to or concerning the terms and conditions of her employment because Smith opposed unlawful gender discrimination.

55.　　The Plaintiff is entitled to equitable relief and damages as set forth below.

## SECOND CLAIM FOR RELIEF

### (Unlawful Employment Practice – ORS 659A.030(1)(b))

### Count I – Gender Discrimination

56.　　Smith realleges all prior relevant paragraphs as if fully set forth herein.

PAGE 10 – COMPLAINT

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

57.     UPS is an "employer" within the meaning of ORS 659A.001(4) and ORS 659A.030.

58.     In violation of ORS 659A.030(1)(b), UPS discriminated against Smith with respect to the terms and conditions of her employment because of Smith's gender.

59.     The Plaintiff is entitled to equitable relief and damages as set forth below.

## Count II – Gender Retaliation

60.     Smith realleges all prior relevant paragraphs as if fully set forth herein.

61.     In violation of ORS 659A.030(1)(f), UPS discriminated against and retaliated against Smith with respect to the terms and conditions of her employment because Smith opposed UPS's gender discrimination against Smith.

62.     The Plaintiff is entitled to equitable relief and damages as set forth below.

## THIRD CLAIM FOR RELIEF

### (ORS Chapter 659A.040 - Injured Worker Discrimination and Retaliation)

63.     Plaintiff realleges all relevant paragraphs as though fully restated herein.

64.     Defendant discriminated and retaliated against Plaintiff by changing the terms and conditions of Plaintiff's employment. The Defendant's actions violated ORS 659A.040, are an unlawful employment practice, and caused the plaintiff economic and noneconomic damages.

65.     Defendant's unlawful employment actions were taken against Plaintiff in substantial part because of one or more of the following:

a.  The Plaintiff reported an on-the-job injury and

b.  Plaintiff applied for benefits, invoked or utilized the procedures provided in ORS Chapter 656;

PAGE 11 – COMPLAINT

66.     As a result of Defendant's conduct, Plaintiff suffered and continues to suffer noneconomic and economic damages. Plaintiff is entitled to the relief, damages, attorney fees, costs, and interest as alleged below.

## FOURTH CLAIM FOR RELIEF

### (Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

67.     Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4). Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks in 2017, 2018, 2019, 2020, and 2021.

68.     At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2). At all times in 2019, 2020, and 2021 the years before Plaintiff took leave, and in 2022, Defendant employed 50 or more employees within 75 miles of the worksite where Plaintiff performed work for Defendant. Defendant employed the Plaintiff for at least 1,250 hours of service during the 12 months immediately preceding the commencement of the leave. Plaintiff was employed by Defendant for more than 12 months before commencing leave.

69.     In 2020 and 2022, Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA). At all material times when Plaintiff took leave, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

70.     Defendant interfered with Plaintiff for engaging in the protected activity of taking leave under FMLA. Defendant interfered with Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff after she took medical leave.

71.     As a direct and proximate result of Defendant's interference, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other

PAGE 12 – COMPLAINT

expenses, all to Plaintiff's economic damages in an amount to be determined at trial. Any amount awarded to Plaintiff is for damages occurring before the entry of judgment.

72.    Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A). Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

73.    Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment. Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

74.    The Court should enter an order declaring that Defendant violated the FMLA.

### FIFTH CLAIM FOR RELIEF

**(Oregon Family Leave Act – ORS 659A.150 et. seq.)**

75.    Plaintiff realleges all prior relevant paragraphs as if fully set forth herein.

76.    In 2020 and 2022, Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

77.    The Defendant was an employer covered by OFLA. In 2019, 2020, and 2021, the years before Plaintiff took medical leave, Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks. In 2020 and 2022, the years Plaintiff took leave, Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks.

78.    The Plaintiff was an eligible employee under OFLA. Immediately before commencing leave in 2020 and 2022, Plaintiff worked for Defendant for more than 180 days. Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days

PAGE 13 – COMPLAINT

immediately preceding the dates Plaintiff commenced family leave. At all material times, Plaintiff had a serious health condition, as that term is defined in ORS 659A.150(6).

79.    Defendant interfered, discriminated, and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff.

80.    As a result of Defendant's interference, discrimination, and retaliation against Plaintiff, Plaintiff suffered and continues to suffer economic losses.

81.    As a result of Defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief. The Court should enter an order declaring that Defendant violated the OFLA.

82.    Pursuant to 659A.885, Plaintiff is entitled to recover back pay and front pay. To the extent any amount awarded to Plaintiff is for damages occurring before the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment. The Plaintiff is also entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

83.    Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorneys' fees and costs, including expert witness fees.

## SIXTH CLAIM FOR RELIEF

### (ORS 659A.103 et seq. – Oregon Disability Discrimination)

84.    The Plaintiff realleges all relevant paragraphs.

85.    Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

86.    Defendant is an 'employer' as defined at ORS 659A.106.

87.    After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant discriminated against Plaintiff as alleged above. Said discrimination was based on Defendant's

PAGE 14 – COMPLAINT

failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

88.    Defendant failed to engage in the interactive process with Plaintiff.

89.    Plaintiff could perform the essential functions of Plaintiff's job with Defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

90.    Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to ORS 659A.103 et seq.

91.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

92.    Plaintiff is entitled to equitable relief, including, but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

93.    Plaintiff is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for past and future financial losses. The Plaintiff should be awarded economic damages in a fair amount determined by a jury.

94.    Plaintiff is entitled to noneconomic damages sufficient to compensate for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded noneconomic damages in an amount determined fair by a jury.

95.    The Court should enter an order declaring that Defendant violated the Oregon Rehabilitation Act.

PAGE 15 – COMPLAINT

96.     To the extent any amount awarded to Plaintiff is for damages occurring before the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

97.     Pursuant to ORS Chapter 659A and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

98.     The Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## DAMAGES

99.      As a result of UPS's unlawful employment actions, Smith suffered and continues to suffer humiliation, anxiety, distress, and impairment of her personal dignity and right to be free from discrimination or interference with her statutory rights. Smith suffered, and continues to suffer, economic damages, including, but not limited to, past and future wages, past and future benefits, and other expenses.

100.    Smith is entitled to equitable relief, including, but not limited to, an award of back pay and lost benefits. Smith should be awarded past economic damages in an amount determined fair by a jury to compensate Smith for lost employment opportunities, including but not limited to promotions and raises. Smith's economic damages are continuing in nature and are not presently known.

101.    Smith is entitled to an award for past lost wages and benefits, future lost earnings, benefits, lost earning capacity, and other compensatory damages for future financial losses. Smith's economic damages are continuing in nature and are not presently known.

PAGE 16 – COMPLAINT

102.    Smith is entitled to compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial.

103.    To the extent any amount awarded to Smith is for damages occurring before the entry of judgment, Smith is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

104.    Smith is entitled to post-judgment interest on all damages, costs, and attorneys' fees from the date of judgment until the date paid.

105.    Pursuant to 42 U.S.C. § 2000e-5, ORS 659A.885 and ORS 20.107, Smith is entitled to an award of attorneys' fees, expert witness fees, and costs incurred herein.

106.    Smith also seeks an award for such additional relief as justice may require.

## PRAYER FOR RELIEF

Smith prays for the following judgment against UPS:

1.    A sum which will fully compensate Smith for her noneconomic damages in a sum that is just as determined by a jury;

2.    A sum which will fully compensate Smith for her economic damages in a sum that is just as determined by a jury;

3.    Equitable relief, including, but not limited to, an injunction prohibiting further discrimination and retaliation;

4.    Smith's costs and disbursements incurred herein;

5.    Smith's attorneys' fees; and

/////

/////

PAGE 17 – COMPLAINT

6.      For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: February 16, 2024

                                   **Law Offices of Daniel Snyder**

                                   */s/ Daniel Snyder*
                                   Daniel Snyder, OSB No. 783856
                                   dansnyder@lawofficeofdanielsnyder.com
                                   Paul Bastian, OSB No. 062706
                                   paul@lawofficeofdanielsnyder.com
                                   LAW OFFICES OF DANIEL SNYDER
                                   1000 S.W. Broadway, Suite 2400
                                   Portland, Oregon 97205
                                   Telephone: (503) 241-3617
                                   Facsimile: (503) 241-2249
                                         Attorneys for Plaintiff

PAGE 18 – COMPLAINT